# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE W. PERRY | CIVIL ACTION |
| VERSUS | |
| THE PRUDENTIAL COMPANY OF AMERICA | NO. 11-559-CN<br>CONSENT CASE |

## RULING & ORDER

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiff, Christine Perry ("Mrs. Perry"), and the Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (R. Doc. 2) filed by defendant, the Prudential Insurance Company of America ("Prudential"). Both motions have been opposed (R. Docs. 6 and 7), and reply memoranda (R. Docs. 9 and 13) have also been filed in response to the oppositions.

## FACTS & PROCEDURAL BACKGROUND

On July 25, 2011, Mrs. Perry filed this suit against Prudential in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana. In the petition, she alleges the following facts. On November 11, 1994, Mrs. Perry became employed by Global Industries, Inc. ("Global"), which provided a Group Life Insurance Benefit Program ("the Plan") to its employees through Prudential. At that time, she was married to her husband, Charles F. Perry ("Mr. Perry"). On or about January 10, 1999, Mrs. Perry contacted Global (whom she contends is the agent of Prudential under the Plan) and enrolled Mr. Perry in the Plan since his life insurance with his previous employer had ceased. Prudential thereafter issued a life insurance policy on her husband in the amount of $50,000.00 in death benefits through the Plan. Mrs. Perry was the beneficiary on that policy, and she

contends that she began paying premiums on the policy in January 1999. Mr. and Mrs. Perry obtained a divorce on December 10, 2004. Mrs. Perry allegedly informed Global's human resources division of her divorce in December 2004 and cancelled her husband's medical coverage at that time. She contends, however, that she continued to pay monthly premiums on her husband's life insurance policy after their divorce until his death on July 25, 2006, because she was advised by Global's human resources division that the life insurance policy was still in effect on her husband, and she avers that she did not have knowledge of the policy conditions because she never received a copy of the policy or its contents. She further alleges that her employer deducted the monthly premiums for the life insurance payments from her salary until her husband's death and properly remitted them to Prudential.

Following Mr. Perry's death, Mrs. Perry filed a claim with Prudential, on August 15, 2006, for the $50,000.00 in death benefits under the policy discussed above. Prudential denied her claim on September 7, 2006, on the basis that Mr. and Mrs. Perry's divorce terminated the coverage under the policy (*i.e.*, Mr. Perry was not a "qualified dependent" under the terms of the policy following the divorce). Mrs. Perry did not appeal her administrative claim and instead filed the present suit, wherein she alleges that Prudential was aware of her divorce but yet continued to accept premium payments for the death benefits provided under the policy, and such conduct constitutes a "new implied life insurance contract" between Mrs. Perry and Prudential for the period after the divorce through Mr. Perry's death. She also contends that Prudential's group contract with her employer provided for term life coverage for ex-spouses like Mr. Perry, which Mrs. Perry would have purchased on her husband had she been informed that such coverage existed

and that the coverage under the policy discussed above had terminated upon her divorce. In her prayer for relief, she seeks "judgment in her favor decreeing a new implied contract existed for the life insurance benefits for $50,000.00 she was denied for the amount of the death benefits she would have received for a like life insurance policy, or in the alternative, [that she] be awarded the amount [Prudential] was enriched and the amount [she] was impoverished an[d] for all costs of these proceedings." *See*, R. Doc. 1-2.

Prudential removed Mrs. Perry's suit to this Court on August 16, 2011, on the basis of both federal question jurisdiction pursuant to 28 U.S.C. §1331 and diversity jurisdiction pursuant to 28 U.S.C. §1332. In the Notice of Removal, Prudential contends that Mrs. Perry's claims, in whole or in part, arise under and are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* and therefore invoke federal question jurisdiction. Prudential further contends that, because Mrs. Perry and Prudential are citizens of different states and more than $75,000.00, exclusive of interest and costs, is in controversy in this matter, diversity jurisdiction exists herein.

On September 6, 2011, Prudential filed a motion to dismiss, wherein it seeks dismissal of Mrs. Perry's suit on the basis that her claims were untimely filed, that she failed to exhaust her administrative remedies prior to filing suit, that her claims are preempted by ERISA, and that she failed to state a claim under ERISA for which relief can be granted. On September 15, 2011, Mrs. Perry filed a motion to remand on the basis that neither diversity nor federal question jurisdiction exists in this case.

3

## LAW & ANALYSIS

Prudential argues that Mrs. Perry's claims in this matter arise under ERISA because the Plan provided by Mrs. Perry's employer is a plan of insurance benefits covered by ERISA. In her remand motion, Mrs. Perry does not dispute that her employer's plan is governed by ERISA and that she remained a participant in the Plan until after the loss at issue. However, she contends that the claims asserted in her petition do not arise under ERISA. Specifically, she asserts that, although initially she did have in effect a life insurance policy for her husband under the ERISA-governed Plan, that policy terminated upon her divorce from Mr. Perry when he became ineligible for benefits, and she therefore is not claiming benefits under that policy in this suit. Instead, she contends that her claim for death benefits in this suit is based upon an implied contract of insurance for her ex-husband that was created when Prudential continued to accept premiums from her after her divorce (and with knowledge of her divorce) and that such implied contract bears the same death benefit as the ERISA Plan policy. She argues that such implied contract of insurance does not fall under and is not related to the Plan governed by ERISA (since the Plan policy specifically excludes ex-spouses from coverage) and is instead governed solely by Louisiana state law. She also argues that her unjust enrichment claim does not arise under or relate to ERISA because such claim is for premiums paid and is not a claim for benefits under an insurance contract covered by an ERISA Plan. According to Mrs. Perry, her unjust enrichment claim instead seeks an equitable remedy governed by state law that prevents Prudential from enriching itself at the expense of Mrs. Perry by accepting premiums but not paying benefits upon Mr. Perry's death.

The undersigned, however, agrees with Prudential that Mrs. Perry's claims, despite

4

her attempts to recast them as solely state law in nature, are nevertheless connected with or related to the ERISA plan in which she participated until after her husband's death and are therefore preempted by ERISA. *See*, 29 U.S.C. §§1144(a), 1132(a)(1)B)(ERISA broadly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan"); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991)("It is not the label placed on a state law claim that determines whether it is preempted but whether in essence such claim is for the recovery of an ERISA plan benefit").[1] Such attempts to "duplicate, supplement or supplant" ERISA's civil enforcement remedy to recover benefits allegedly owed under an ERISA benefit plan by recharacterizing the claims as state law claims have routinely been rejected, and the state law claims have

---

[1] *See, Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)("A [state] law [or claim for recovery under state law] 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Under this 'broad common-sense meaning,' a state law [or claim] may 'relate to' a benefit plan, and thereby be pre-empted, even if the law [or claim] is not specifically designed to affect such plans, or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987)(the comprehensive remedial scheme established by ERISA is one area where Congress intended to "occupy the filed," thus providing for complete or "super" preemption of state law claims, irrespective of the absence of an explicit federal claim pled on the face of the complaint).

been held preempted by ERISA.² In short, where a plaintiff seeks a payment of benefits

---

² *See, Moon v. BWX Technologies, Inc.*, 742 F.Supp.2d 827 (W.D.Va. 2010)(Although the plaintiff characterized its claim against employer for death benefits as a state law breach of contract claim arising out of an agreement by the employer to provide death benefits that was independent of any ERISA employee benefit plan, the record showed that the plaintiff's claim was in substance an attempt to recover benefits under the ERISA plan, and thus, was preempted by ERISA, so as to give the district court jurisdiction over the claim. The plaintiff claimed benefits of a type provided by an acknowledged ERISA plan and claimed benefits in an amount equal to those denied under the ERISA plan); *Goss v. Firestone Polymers, L.L.C.*, 2005 WL 1004717 (E.D.Tex. 2005)(Plaintiffs' state law quantum meruit claim "makes reference to and relates to" the employee benefit plans at issue. Plaintiffs' claim would have no factual underpinnings in the absence of the ERISA plans, and the court must construe the terms of the plans to ascertain the extent of Plaintiff's entitlement to the employee benefits. The state law claim is therefore preempted); *Tappe v. Alliance Capital Mgmt. L.P.*, 177 F.Supp.2d 176, 186-88 (S.D.N.Y. 2001)(rejecting attempt to use a theory of implied contract to recover benefits denied under an ERISA plan); *Laboratory Physicians v. AVMED, Inc.*, 2009 WL 248632 (M.D.Fla. 2009)("ERISA preemption is not a gateway but barrier to state law causes of action by employee benefit plan beneficiaries, the effect of which is to completely displace state law claims and leave plaintiffs only the causes of action expressly provided for in the ERISA civil enforcement provisions." Plaintiff's claims of quantum meruit, unjust enrichment, violation of state statute and declaratory judgment under state statute were therefore deemed completely preempted); *Ashmore v. Ceridian Corp.*, 620 F.Supp.2d 782 (N.D.Miss. 2009)("Because the plaintiff's state law claims for misappropriation and/or conversion of her premium payments are preempted by ERISA and because plaintiff did not demonstrate the applicability of a federal common law claim for unjust enrichment/restitution under ERISA, nor did she argue that other relief was available under a specific ERISA provision, the court concludes that defendants' motion for summary judgment should be granted); *National Renal Alliance, LLC v. Blue Cross and Blue Shield of Georgia*, 598 F.Supp.2d 1344 (N.D. Ga. 2009)(In quantum meruit and unjust enrichment claims, plaintiffs contended that they performed valuable services which accrued to the benefit of Blue Cross in the form of insurance premiums paid by its enrollees, but that Blue Cross failed to properly compensate plaintiffs for those services. The court found that claim was essentially a claim for a wrongful denial of benefits under an ERISA plan and whether plaintiffs were properly compensated for services would require the court to consider the terms of the defendant's insurance plan. Because plaintiffs' claim "related to" an ERISA plan, it was preempted).

*See also, Peach v. Ultramar Diamond Shamrock*, 229 F.Supp.2d 759, 771 (E.D.Mich. 2002)("An unjust enrichment claim seeking the disbursement of benefits is preempted because it is, in essence, one for benefits that 'relates to' the [ERISA] Plan, and it does not fall under the rubric of 'other appropriate equitable relief' which ERISA allows." Claims for benefits may not be disguised as claims under the federal common law or other provisions of ERISA); *Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co.*, 2009 WL 152537 (E.D.La. 2009)(Plaintiffs claimed that defendants would be unjustly enriched if the defendants were allowed to retain the benefits conferred on them without payment. Such unjust enrichment claim made reference to and related to the ERISA plans at issue and was therefore held preempted)*; Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000)(ERISA preempts state common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract); *Spring E.R., LLC v. Aetna Life Ins. Co.*, 2010 WL 598748, *6 (S.D.Tex. 2010)("That Plaintiff's implied contract claim falls within the ERISA benefits scheme is sufficient for this Court to determine that this case was properly removed"); *Home Health Care Affiliates of Mississippi, Inc. v. North American Indem, N.V.*, 299 F.Supp.2d 645 (N.D.Miss. 2004)(State law causes of action, including breach of contract, negligence, misrepresentation, and fraud, against third-party administrator of insurance policies were preempted by ERISA; policies constituted an ERISA plan, the causes of action related to the ERISA plan, in that, employers were seeking to recover payment of claims and damages for failure to pay claims, and causes of action did not regulate insurance, so as to be saved from preemption by ERISA's savings clause); *Boulet v. Fluor Corp.*, 2005 WL 2860993 (S.D.Tex. 2005)(ERISA preempts all state laws

6

allegedly due because of loss of coverage under an ERISA plan (or, alternatively, a refund of premiums paid), as is the case in the present matter,[3] his/her only remedy is under ERISA.[4] Removal of this matter based upon federal question subject matter jurisdiction

---

that "relate to" an employee benefit plan but do not regulate the insurance industry as a whole. A suit by a beneficiary to recover benefits from an ERISA plan "falls directly under . . . [ERISA, 29 U.S.C. §1132(a)(1)(B), which provides an exclusive federal cause of action for resolution of such disputes," even if plaintiffs have labeled those claims as state law claims for breach of contract, common law breach of fiduciary duty, third-party beneficiary claim, and claim for disgorgement of profits); *Pierce v. United Rentals, Inc.*, 2003 WL 22289882 (N.D.Tex. 2003)(and cases cited therein)(Plaintiff's "state law claims for unjust enrichment, breach of fiduciary duty, equitable estoppel, intentional infliction of emotional distress, . . . and mental anguish all stem from the denial of benefits . . . [and] would not exist but for the ERISA plan at issue." Those causes of action are preempted).

[3] The pivotal issue is whether the plaintiff's claims would "cease to exist" or lack "factual underpinnings" if they were divested of any link to an ERISA plan. *Pierce v. United Rentals*, 2003 WL 22289882 (N.D.Tex. 2003); *Goss v. Firestone Polymers, L.L.C.*, 2005 WL 1004717 (E.D.Tex. 2005). Mrs. Perry's claims obviously relate to the ERISA policy since she specifically refers to that policy in her complaint. Moreover, her claims under the alleged implied contract of insurance that was purportedly created following her divorce would have no factual underpinnings if it were not for the ERISA policy. She is claiming the exact same amount of death benefits that was due under the ERISA policy, or alternatively, a reimbursement of the amount of premiums that was deducted from her paycheck by her employer and paid to Prudential in connection with the ERISA plan policy after her divorce through her husband's death. As Prudential contends in its opposition, "the implied contract [Mrs. Perry] seeks to invoke is indistinguishable from the ERISA plan she participated in through the time period in question. The only thing that is new is her legal theor[ies]," and such state law theories of implied contract and unjust enrichment, when related to an ERISA-governed plan, are preempted by ERISA.

[4] Additionally, to the extent Mrs. Perry is arguing that coverage under the ERISA plan converted to a different implied contract of insurance when Mr. Perry became ineligible for coverage under the ERISA plan upon their divorce, the issue of whether such a conversion of coverage occurred is also one governed by ERISA. *See, Wright v. Anthem Life Ins. Co. of Ind.*, 2000 WL 870807 (N.D.Miss. 2000)(Claims arising from the right to convert to an individual policy are grounded in ERISA and are to be decided by reference to the terms of the ERISA plan); *Howard v. Gleason Corp.*, 901 F.2d 1154, 1158 (2d 1990); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1132-33 (9th Cir. 1992)(ERISA preempts a claim concerning the right to convert group health coverage under an ERISA plan into an individual policy).

Furthermore, to the extent Mrs. Perry is asserting that Prudential is liable to her because it continued to accept her premium payments while failing to inform her that she no longer had coverage and could have converted from the ERISA plan policy to another term life policy that would have covered her husband following their divorce, such a claim is essentially a state law claim for misrepresentation or breach of good faith/fiduciary duty, which, like the other state law claims discussed above, is preempted by ERISA. *See, Juarez v. Bank of America*, 2007 WL 1674390 (N.D.Cal. 2007)(Plaintiff's state law claims, which rested on the theory that the defendant breach an implied contract and the covenant of good faith and fair dealing in failing to provide the insured with the information he needed to convert his policy, were preempted by ERISA because they "related directly" to the defendant's obligations to the insured under an ERISA plan policy); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000)(Claims against insurance company for breach of contract, breach of duty of good faith and fair dealing, negligent misrepresentation, common law discrimination, waiver, estoppel and ratification were preempted by

7

under ERISA was therefore appropriate.[5]

In addition to removal being appropriate, the undersigned also finds that this case is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for several reasons.[6] First, the U.S. Fifth Circuit Court of Appeals has held that, where a plaintiff has limited herself to state law claims that are preempted by ERISA and has not sought to add any claims under ERISA, such state law claims are not only subject to removal but are also subject to dismissal or judgment on the pleadings. *Quality Infusion Care Inc. v. Humana Health Plan of Texas, Inc.*, 2008 WL 3471861, **10 (5th Cir. 2008)("Though one might try to infer claims for benefits under ERISA, [plaintiff's] repeated disavowal of such a claim ultimately dooms any such inference." "[A] finding of complete preemption in these cases necessitates their

---

ERISA, where each claim related to an employee's right to receive benefits under the terms of an ERISA plan); *Cromwell*, at 1275-76 (holding state law claims of breach of contract, promissory estoppel, negligence, breach of good faith, despite their titles, were for the recovery of benefits under an ERISA plan and "plainly preempted"); *Lion's Volunteer Blind Indus., Inc. v. Automated Group Admin.*, 195 F.3d 803, 805-08 (6th Cir. 1999)(Court looked to substance of plaintiff's state law misrepresentation claim, rather than its label, and found that the plaintiff's claim was a request for benefits and thus preempted).

[5] *See, Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332 (5th Cir. 1999)(ERISA occupies a particular field, resulting in complete preemption of any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action; thus, such preemption functions as an exception to the well-pleaded complaint rule. Because a state law claim pertaining to a field that ERISA has completely preempted presents a federal question, it provides grounds for a district court's exercise of federal question jurisdiction upon removal; if the plaintiff moves to remand, all the defendant has to do is demonstrate a substantial federal claim, *i.e.*, one completely preempted by ERISA, and the court may not remand); *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 529-30(5th Cir. 2009)("[E]ven if the plaintiff did not plead a federal cause of action on the face of the complaint, the claim is 'necessarily federal in character' if it implicates ERISA's civil enforcement scheme").

[6] To avoid dismissal of a claim pursuant to a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *In re the Complaint of Great Lakes Dredge & Dock Co., LLC*, 2010 WL 4013336, at *5, quoting *Ashcroft v. Iqbal*, – U.S.–, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In deciding whether the complaint states a valid claim for relief, the court is to accept all well-pleaded facts as true and to construe the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, at *5, citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The court is not to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*, quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

8

dismissal").[7] [8]  Secondly, Mrs. Perry has failed to come forward with any competent evidence to refute that produced by Prudential supporting the following contentions: (1) that the Plan in question is one subject to and governed by ERISA; (2) that Mrs. Perry's claims herein were not timely filed because they were not filed within the three (3) year limitations period set forth in the Plan; and (3) that Mrs. Perry failed to exhaust her administrative remedies prior to filing this suit as required by the Plan.

To establish that the Plan in question is governed by ERISA, Prudential produced a copy of the Plan itself, the Summary Plan Description, and the Group Contract between Prudential and Global.  *See*, Exhibit D to Prudential's motion and Exhibit D to Prudential's opposition to remand motion.  Such documents demonstrate that the Plan is a "plan, fund or program" that is "established and maintained" by Global to provide for its employees

---

[7] *See also, Lester v. Advanced Environmental Recycling Technologies, Inc.*, 2007 WL 1982195, **3 (5th Cir. 2007)(holding that district court properly dismissed plaintiff's state law claims for breach of fiduciary duty and for breach of the duty of good faith and fair dealing as preempted by ERISA); *Geske v. Williamson*, 2003 WL 22663042 (5th Cir. 2003)(Insured's state law fraudulent misrepresentation claim was preempted by ERISA and appropriately dismissed by the district court); *Hobson v. Robinson*, 2003 WL 22183558 (5th Cir. 2003)(affirming the dismissal of state law breach of contract claim asserted by employer and employee against health insurance broker, based upon lack of payment under health insurance policy as preempted by ERISA because claim had a connection with or reference to ERISA plan); *Smith v. Homes*, 2002 WL 495272 (5th Cir. 2002)(affirming the dismissal of state law claims on the basis that they were preempted by ERISA); *Land v. CIGNA Healthcare of Florida*, 381 F.3d 1274 (11th Cir. 2004)(denying a motion to remand and granting the defendant's motion to dismiss without prejudice, finding that state law claims were completely preempted by ERISA); *Jones v. LMR Intern., Inc.*, 457 F.3d 1174 (11th Cir. 2006)("Unlike complete preemption, defensive preemption is a substantive defense, justifying dismissal of preempted state law claims.  A state law claim is defensively preempted under ERISA if it *relates to* an ERISA plan).

[8] The Fifth Circuit has held that it is an abuse of discretion for a district court to dismiss a case involving only state law claims preempted by ERISA where a plaintiff has requested the opportunity to amend his complaint to add ERISA claims, and the district court does not allow him the opportunity to do so prior to dismissing the case.  *Adobbati v. Guardian Life Ins. Co. of America*, 213 F.3d 638 (5th Cir. 2000).  However, Mrs. Perry has never requested the opportunity to amend her petition to re-plead her claims under the ERISA civil enforcement provisions.  Instead, she has specifically and repeatedly disavowed the application of ERISA to her claims and continues to assert that they arise solely under state law.  Under the circumstances, it is appropriate to dismiss her state law claims because they are preempted by ERISA.

insurance benefits in the event of death,[9] as is required for a plan to be an "employee welfare benefit plan" for purposes of ERISA. *See*, 29 U.S.C. §1002(1).[10] [11] Mrs. Perry's

---

[9] The "Foreward" attached to the Plan indicates that Global "established and maintained" the Plan for its employees and that it had certain obligations under the Plan, such as "presenting" the booklet/certificate describing the Plan benefits and requirements to employees, arranging the Plan with Prudential, and offering to answer questions of employees regarding the Plan. *See*, Exhibit A to Prudential's motion, D75; Exhibit D to opposition to remand motion, D60.

[10] In 29 U.S.C. §1002(1), an "employee welfare benefit plan" governed by ERISA is defined as any plan, fund, or program that is:

> established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or *benefits in the event* of sickness, accident, disability, *death* or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services.

*See,* 29 U.S.C. §1002(1)(Emphasis added); *Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F.Supp.2d 739 (S.D.Tex. 2000)(holding that a life insurance program covering an employee's life and that of the employee's dependents (such as a spouse) was a plan, for purposes of determining whether state law claims for denial of coverage were preempted by ERISA. A reasonable person could ascertain that life insurance benefits in a particular dollar amount were available, that the claimant was the intended beneficiary, that spousal benefits were to be paid for by payroll deductions, and that a specific procedure existed).

[11] The Court can consider the evidence produced by Prudential on a Rule 12(b)(6) motion to dismiss because documents pertaining to the Plan are "referred to in the plaintiff's complaint and are central to her claim." *See, Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)(quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings [and may be considered on a motion to dismiss for failure to state a claim] if they are referred to in the plaintiff's complaint and are central to her claim"); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)(quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007)("A court is permitted, however, to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'." Because the court reviews only the well-pleaded complaint, it is not permitted to consider new factual allegations made outside the complaint, including those made on appeal); *Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940 (9th Cir. 2008)(allowing consideration of plan documents on a motion to dismiss because the plaintiff referred to them in the complaint); *Franco v. Connecticut General Life Ins. Co.*, 2011 WL 4448908 (D.N.J. 2011)(Court properly considered plaintiff's insurance plan documents in the Rule 12(b)(6) motion as the documents were relied upon by the complaints); *Brown v. E.I. Du Pont De Nemours and Co.*, 2010 WL 3488799 (S.D.Ohio 2010)(When considering a motion to dismiss in an ERISA case, it is proper for the court to take into account relevant plan documents, even where they are not attached to the complaint. The court may consider such documents without converting the motion to dismiss to a motion for summary judgment where the plaintiff's claims are based upon rights under the documents and their provisions are central to the plaintiff's claims).

10

petition concedes that fact by alleging that Global "provided a group life insurance benefit program through [Prudential] for its employees." *See*, Petition for Damages, R. Doc. 1-2, ¶2. Rather than producing competent evidence to refute the Plan documents produced by Prudential, Mrs. Perry simply submits her own self-serving affidavit containing the conclusory assertion that the Plan in question is not an ERISA plan because the Department of Labor "safe harbor" regulation applies to exclude the Plan from ERISA coverage. Mrs. Perry, however, is not qualified to render legal opinions concerning such issues, and she has not offered any evidentiary support to substantiate those conclusions. Furthermore, her affidavit cannot even be considered in connection with Prudential's motion to dismiss since it adds allegations that were in no way referenced or asserted in the complaint or its attachments. *See, Dorsey*, at 338.

Additionally, based upon the allegations in the petition and evidence produced by Prudential, it appears that the "safe harbor" regulation does not apply to preclude the Plan from being governed by ERISA. The "safe harbor" regulation provides that a group or group-type insurance program will not be considered an ERISA plan if: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's "sole functions" are limited to permitting the insurer to publicize the program to employees and collecting premiums and remitting them to the insurer; and (4) the employer receives no profit from the plan. *See*, 29 C.F.R. §2510.3-1(j); *House v. American United Life Ins. Co.*, 499 F.3d 443 (5th Cir. 2007).

Both the allegations in the petition and the provisions in the Plan documents produced by Prudential indicate that Global's "functions" with respect to the Plan included more than merely allowing Prudential to publicize the Plan to Global employees and

11

collecting premiums through payroll deductions and remitting them to Prudential. Mrs. Perry alleges, in the petition, that Global was "the agent of [Prudential]" under the Plan and that Global advised her of the status of her coverage under the Plan policy. *See*, Paragraphs 5 and 6 of the Petition (alleging Global was the "agent" of Prudential relative to the Plan and that the human resources division of Global advised her, following her divorce, that the Plan policy was still in effect on her husband causing Mrs. Perry to continue to pay monthly premiums on that policy from the time of her divorce until her husband's death). As discussed above in Footnote 9, Global's functions relative to the Plan included distributing the booklet/certificates describing the Plan benefits and requirements to employees, arranging the Plan with Prudential and entering into a group contract for such Plan with Prudential, and offering to answer questions of employees regarding the Plan. Additionally, the documents produced by Prudential indicate that, although the optional dependent insurance coverage is paid for by employees, the Plan also provides basic term life coverage and basic accidental death and dismemberment coverage where employees do not have to contribute to the premiums. *See,* Exhibit A to Prudential's motion, D84-85. Thus, at least two (2) of the four (4) criteria for application of the "safe harbor" regulation are not satisfied relative to the Plan in question,[12] and since all four (4) criteria must be met for the regulation to apply, such regulation does not apply to exempt the Plan from ERISA coverage.[13]

---

[12] *See, McNeil*, at 190 (The plan must meet all four criteria of the "safe harbor" exclusion to be exempt from ERISA).

[13] In her reply memorandum, Mrs. Perry essentially concedes that the "safe harbor" regulation does not apply to the Plan and that it is an ERISA-governed plan, but she argues that the implied contract of insurance that allegedly became effective upon her divorce from Mr. Perry is subject to the "safe harbor" provision and therefore not an ERISA-governed plan. *See*, Mrs. Perry's reply memorandum, R. Doc. 13,

Case 3:11-cv-00559-CN   Document 18   01/26/12   Page 12 of 15

Since it has been determined that Mrs. Perry's state law claims are essentially a claim for benefits under the ERISA Plan policy, the administrative procedures and limitations period set forth in the Plan apply to Mrs. Perry's claims. Again, Mrs. Perry does not refute that fact in her opposition to the present motion to dismiss with any competent evidence. Instead, she simply argues, incorrectly, as she did in her remand motion, that her claims are based solely upon state law, that they are not claims based upon the ERISA Plan policy, and that they therefore are not controlled by the limitations period and administrative requirements set forth in the Plan policy. According to the Plan, no legal action shall be brought to recover under the Plan policy more than three (3) years after the end of the time within which proof of loss is required under the Plan. *See*, Exhibit A to Prudential's motion, D119; *See also, Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care*, 426 F.3d 330 (5th Cir. 2005)(Because ERISA provides no specific limitations period, courts are to apply state law principles of limitation. However, where a plan designates a reasonable, shorter time period, that lesser limitations schedule governs. A limitations period of three years from the time written proof of loss was required to be given was held to be reasonable); *Salisbury v. Hartford Life & Accident Ins. Co.*, 583 F.3d 1245, 1248-49 (10th Cir. 2009)(same). Mrs. Perry was required to submit proof of loss within ninety (90) days of Mr. Perry's death, which occurred on July 25, 2006. Her proof of loss was therefore due on October 23, 2006. Upon receiving Prudential's decision to deny her benefits, she was required by the Plan policy to file suit challenging that decision

---

pp. 3-4. However, because the purported implied contract of insurance is "related to" an ERISA plan, as discussed above, it is likewise governed by ERISA, and Mrs. Perry is limited to the civil enforcement remedies provided by ERISA and the procedural limitations set forth in the ERISA-governed Plan.

13

within three (3) years of October 23, 2006, or by October 23, 2009. Since Mrs. Perry failed to file this suit until July 25, 2011, her claims are untimely-filed under the Plan policy provisions and should therefore be dismissed with prejudice.

Finally, the Plan required that, if Prudential denied Mrs. Perry's claim after timely submission of proof of loss, Mrs. Perry was required to file a written appeal of that decision administratively within one hundred eighty (180) days of receipt of the written notice of denial. *See*, Exhibit A, D125. Thus, because Prudential notified Mrs. Perry of its denial decision on September 7, 2006,[14] she had until on or about March 6, 2007 (*i.e.*, 180 days after receipt of the September 7, 2006 denial) to file an appeal, but she failed to do so. Since Mrs. Perry's time to administratively appeal expired on March 6, 2007, she could not now appeal the denial if this Court remanded her case for further administrative proceedings. As such, her suit should likewise be dismissed with prejudice for failure to exhaust administrative remedies. *See, Hall v. Baptist Healthcare Sys., Inc.*, 2007 WL 3119275 (W.D.Ky. 2007); *Hagen v. VPA, Inc.*, 428 F.Supp.2d 708 (W.D.Mich. 2006).[15] In sum, because Mrs. Perry denies the application of the ERISA plan to her claims, she asserts no persuasive arguments relative to Prudential's procedural defenses of untimeliness and lack of exhaustion; such arguments are therefore essentially unopposed

---

[14] *See*, Exhibit C to Prudential's motion.

[15] See, *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016 (5th Cir. 2009)(Plan was not estopped from invoking the plan participant's failure to exhaust administrative remedies as an affirmative defense in an ERISA action challenging the plan's termination of the participant's long-term disability benefits. The participant failed to file a valid administrative appeal within the 180-day time period required by the plan); *Homes v. Proctor and Gamble Disability Benefit Plan*, 2007 WL 866695, **2 (5th Cir. 2007)(Plan participant did not comply with the plan's procedures in appealing its decision and therefore did not exhaust his administrative remedies. His failure to properly appeal was considered fatal because the plan's 180-day deadline for filing an appeal had passed, and his appeal of the plan's decision was time-barred as of the time he filed suit. Dismissal with prejudice was therefore appropriate); *Gayle v. United Parcel Service*, 401 F.3d 222, 230 (4th Cir. 2005)(same).

14

and further have merit.  As a result, this suit will be dismissed with prejudice.[16]

Accordingly;

**IT IS ORDERED** that the Motion to Remand (R. Doc. 5) filed by plaintiff, Christine Perry ("Mrs. Perry"), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (R. Doc. 2) filed by defendant, the Prudential Insurance Company of America, is hereby **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE**. A judgment will be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2012.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[16] Mrs. Perry also fails to state an "equitable estoppel" claim based upon any alleged oral modifications to the ERISA plan.  To the extent she is alleging that the purported oral information Global's human resource department provided to her (concerning the fact that the Plan policy remained in effect following her divorce) somehow modified/amended the Plan policy to provide coverage after the divorce and that Prudential is therefore equitably estopped from denying coverage, such a claim is not cognizable under ERISA.  ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument."  29 U.S.C. §1102(a)(1); *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir. 1989)("ERISA precludes oral modifications to benefit plans . . .").  Recently, the Fifth Circuit reiterated that ERISA's writing requirement "protects [a] plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to such under the express terms of the plan."  *King v. Bluecross Blueshield of Alabama*, 2011 3822023 (5th Cir. 2011).  Thus, any alleged oral modifications or assurances concerning the Plan policy in question cannot be the basis of a claim for benefits in this suit.  *King*, at *4 (Insured's claim for detrimental reliance, alleging that health insurer refused to pay for hip replacement after making oral representations to the contrary, would have been denied outright due to ERISA's "written instrument" requirement).

Case 3:11-cv-00559-CN   Document 18   01/26/12   Page 15 of 15